WILLIAM F. SIGAL, Plaintiff

v.

THREE K'S LTD., Defendant

Civil No. 751-1966

Municipal Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

October 23, 1968

JOHN D. MARSH, ESQ., Christiansted, St. Croix, Virgin Islands, *for plaintiff*

BAILEY, WOOD AND ROSENBERG, ESQS., St. Thomas, Virgin Islands, *for defendant*

JOSEPH, *Judge*

### MEMORANDUM OPINION

Plaintiff herein, William F. Sigal, brought this suit in debt against defendant, Three K's Ltd., a Virgin Islands corporation, claiming the sum of $4,039.07 to be due and payable to him by defendant for architectural services rendered. Plaintiff testified on his own behalf and Mr. Solo-

mon Kuperman testified for defendant corporation, of which he is treasurer. The evidence disclosed that in August, 1963, plaintiff entered into a contract with St. Croix Venture, defendant's predecessor, signed by Solomon Kuperman for the owner and by plaintiff as architect, for the performance of architectural services, including those of supervision of the construction, in connection with the building of a hotel now known as the Old Quarter Hotel and owned by defendant. As compensation it was agreed that plaintiff would receive seven percent of the construction cost of the project and, in addition, it was provided on page two, paragraph numbered 4, that,

"if the Architect is caused extra drafting or other expense due to changes ordered by the owner, or due to the delinquency or insolvency of the Owner or Contractor, or as a result of damage by fire, he shall be equitably paid for such extra expense and the service involved." (See defendant's exhibit A)

It is not disputed that plaintiff satisfactorily performed the work for which he was employed or that extra work in redrafting and redesign was performed at the request of defendant. The additional work consisted of redrafting the plans for the location of the stairways and parts of the building, necessitated by the fact that the contractor for the building of the swimming pool built it in the wrong location six feet closer than it should have been to the building site. The pool contract was let by defendant independently of the contract for the construction of the hotel and was not to be supervised by plaintiff and there is no evidence that he had any responsibility for its improper location. Other redrafting and related services were performed in changes requested by defendant in the redesign of the restaurant and bar. These changes were made to reduce the cost of construction and did, in fact, result in substantial savings to defendant. Additional services were rendered at defendant's request in connection with structural

changes in the supports for the old ruins which were a part of the project in order to meet certain requirements of the public works department. Other revisions of the plans were made with respect to doors and windows, the parking lot and the dock.

Bills were presented by plaintiff in accordance with the terms of the contract, as the work progressed. Progress payments were made by defendant as the bills were submitted and payments were also made on the billings for extra work. Both witnesses agreed that when defendant had any objections to the amount of any bill Mr. Kuperman discussed the matter with Mr. Sigal or a member of his staff and in several cases these discussions resulted in an adjustment of the bill. Although a higher amount had originally been charged by plaintiff for the time spent in redrafting and related extra work, by agreement plaintiff reduced the charge to $15 per hour for the architects' time and $7.50 per hour for the time spent by draftsmen. Mr. Kuperman testified that this charge was not exorbitant and he has not claimed it to be unreasonable or inequitable. He has objected not to the amount of the charge or its application to some of the extra work but that the percentage charge should apply to some of the redesign work. He specifically mentioned the pool and the parking lot relocations and the redesign of the restaurant and bar as work he felt should come in that category, his reasoning in this respect not being stated. He has strongly protested payment of certain travel expenses for which he was billed and both the per diem charges and the travel expenses in connection with plaintiff's services in obtaining the building permit.

Paragraph numbered 2 of the standard form of agreement issued by the American Institute of Architects, which was used by the parties in drafting the agreement here, contains a printed provision whereby the owner agrees to reimburse the architect for the cost of transportation and

living incurred by him and his associates while traveling in discharge of duties connected with the project. This provision has been crossed out by the parties. Consistent with this agreement plaintiff did not bill defendant for travel or living expenses on routine trips between San Juan, where his office is located, and St. Croix. He did, however charge for travel expenses incurred in the performance of extra work, presumably under the provisions of paragraph 4 quoted above. Because of the fact that the agreement was interpreted differently by the parties, with some justification on both sides, plaintiff has agreed to abandon his claim for travel expenses.

 Plaintiff has testified and the court finds that the responsibility for obtaining the building permit is, in the absence of an agreement to the contrary, that of the contractor, and that in this case, as Mr. Kuperman acknowledges, defendant had experienced delay in the obtaining of the permit and telephoned plaintiff's office to request that he or one of his associates go to St. Croix to expedite the matter. The court therefore finds that the charge of $100 for plaintiff's time in traveling to and from St. Croix and working here on two different dates to obtain the permit was reasonable and justified by paragraph 4 of the contract. The court further finds that the hourly charges as set forth on the bills of June 17, 1966, and August 11, 1966 (plaintiff's exhibits 1 and 2), were proper charges to defendant and that the hours spent as computed by plaintiff are accurate, this not being disputed by defendant. The six items of travel expenses included in the billing are in the total amount of $196.75, which has been deducted from the amount sued for.

Judgment will be entered in favor of plaintiff against defendant in the amount of $3,842.32, plus costs, including an attorney's fee of $750.